UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60153-CIV-COHN/SELTZER

HARRIET FARNHAM, on her own
behalf and others similarly situated,

    Plaintiff,

v.

RIIMIC, LLC,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

**THIS CAUSE** is before the Court on Defendant's Motion to Strike [DE 33] ("Motion").  The Court has considered the Motion, Plaintiff's Response [DE 34], and Defendant's Reply [DE 35], and is otherwise fully advised in the premises.

### I. BACKGROUND

On January 27, 2012, Plaintiff Harriet Farnham brought this action against Defendant Riimic, LLC, related to the events surrounding Defendant's termination of her employment.  In Count I, Plaintiff alleges that Defendant failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  In Count II, Plaintiff seeks damages for Defendant's alleged violation of the Florida Whistle-blower Act ("FWA"), Florida Statutes § 448.102(3).  Plaintiff claims that Defendant discharged her after she refused to participate in Defendant's alleged violations of the Privacy Rule of the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 164 (the "whistle-blower claim").  In Count III, Plaintiff avers that

Defendant wrongfully discharged her in retaliation for her objections to Defendant's alleged violations of the FLSA.

Defendant seeks to strike all allegations in paragraphs 24, 25, 26, 27, and 37 of the Second Amended Complaint concerning Defendant's purported violation of HIPAA ("HIPAA allegations"). Defendant contends that the HIPAA allegations are not pertinent to the whistle-blower claim. The FWA only protects employees who object to an employer's violation of a law or regulation "applicable to the employer and pertaining to the business." See Fla. Stat. § 448.101(4). HIPAA's confidentiality requirements apply only to "covered entities," defined as (1) a health plan, (2) a health care clearinghouse, or (3) a health care provider who transmits any health information in electronic form. 42 U.S.C. § 1320d-1(a). Defendant argues that because it is an engineering and logistics firm rather than a healthcare plan or provider, it is not a covered entity, and HIPAA is not applicable to Defendant. Therefore, Defendant contends, the HIPAA allegations are irrelevant to the whistle-blower claim. Plaintiff responds that because Defendant offers a health plan as a benefit to its employees, Defendant is a covered entity, and HIPAA's regulations apply to it.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike pursuant to Rule 12(f), however, "are viewed with disfavor and are infrequently granted because striking a portion of a pleading is a drastic remedy, and because such remedies are often sought by the movant simply as a dilatory tactic." Resolution Trust Corp. v. Holland & Knight, 832 F.Supp. 1532, 1533 (S.D. Fla. 1993). Courts are

generally unwilling to grant motions to strike unless there is a showing of prejudicial harm.  Tracfone Wireless, Inc. v. Access Telecom, Inc., 642 F. Supp. 2d 1354, 1360-61 (S.D. Fla. 2009).  "Motions to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  Seibel v. Soc'y Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997).

### III. ANALYSIS

Defendant moves to strike the HIPAA allegations from the Second Amended Complaint on the basis that they have no possible relation to the whistle-blower claim.  Here, the logical relationship between those allegations and the whistle-blower claim hinges on Defendant being an entity covered under HIPAA.  Plaintiff argues that Defendant's offering a group health insurance plan to its employees is sufficient to qualify Defendant as a "health plan" under HIPAA, 42 U.S.C. §1302d(5).  Defendant asserts that an employer does not become a health plan merely by sponsoring a health plan as a benefit to employees.  The Court agrees with Defendant.

The plain language of 42 U.S.C. § 1302d-1(a) and 42 U.S.C. § 1302d(5), as well as the legislative history of HIPAA's Privacy Rule, support Defendant's interpretation.  Section 1302d-1(a) states that entities covered under HIPAA are limited to health plans, health care clearinghouses, and health care providers who transmit electronic information.  Employers are not included in that list.  Further, § 1302d(5) defines a health plan as "an individual or group plan that provides, or pays the cost of, [medical] care."  Nothing in the language of § 1302d(5) implies that employers were meant to be included as "health plans," merely by sponsoring such health plans.  The Court cannot conclude that such a large group, employers, would be included under the statute

3

without more express indication by Congress.  Moreover, there is good reason to differentiate between employers who fund or sponsor a health plan, and the health plan itself.  As the Preamble to the Privacy Rule makes clear, the sponsor and the health plan are separate legal entities.  Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82645 (Dec. 28, 2000).  Indeed, the Preamble confirms that "[n]either employers nor other group health plan sponsors are defined as covered entities." Id. at 82507.

Plaintiff has testified only that Defendant maintained a group health insurance plan for its employees, not that Defendant was a health plan itself.  See DE 34-1.  Therefore, the Court concludes that Defendant is not a covered entity under 42 U.S.C. § 1302d-1(a).  Accordingly, Plaintiff's allegations that she was terminated for refusing to collude in Defendant's HIPAA violations are irrelevant to Plaintiff's claims under the FWA.  Including an accusation that Defendant violated federal law, when such accusation lacks any legal merit, would be prejudicial to Defendant and should be stricken.  The Court therefore strikes paragraphs 24, 25, and 26, as well as the second and third clauses of paragraph 37 of the Second Amended Complaint

However, Defendant asks the Court to go further by striking paragraph 27, in which Plaintiff claims that Defendant instructed her to provide false information to Defendant's health insurance provider; and by striking the first and fourth clauses of paragraph 37, containing Plaintiff's other whistle-blower allegations.  The Court finds that paragraph 27, and the first and fourth clauses of paragraph 37, make no reference to HIPAA and may be pertinent to Plaintiff's whistle-blower claim.  Thus, the Court declines to strike these allegations.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Strike [DE 33] is **GRANTED in part and DENIED in part** as follows:

1. The Motion is **GRANTED** as to paragraphs 24, 25, and 26, as well as the second and third clauses of paragraph 37 that pertain to alleged violations of the Health Insurance Portability and Accountability Act. These allegations are hereby **STRICKEN** from Plaintiff's Second Amended Complaint [DE 30].

2. In all other respects, the Motion is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 11th day of September, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF