UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60153-CIV-COHN/SELTZER

HARRIET FARNHAM,

    Plaintiff,

v.

RIIMIC, LLC,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant Riimic, LLC's Motion for Summary Judgment [DE 44] ("Motion"). The Court has carefully reviewed Defendant's Motion, Plaintiff's Response [DE 54], and Defendant's Reply [DE 59], as well as the parties' factual statements and record submissions, and the Court is otherwise fully advised in the premises.

**I.    Background**

    **A.    Material Facts**[1]

---

[1] Plaintiff's response to Defendant's statement of material facts is not supported by specific references to the record, as required by Local Rule 56.1(a)(2). See DE 48. Where material facts recited by Defendants and supported by evidence of record are not specifically controverted by Plaintiff, the Court deems those facts admitted. See S.D. Fla. L.R. 56.1(b).

    Also, Plaintiff has submitted an affidavit in response to Defendant's Motion. See DE 54-1. This affidavit was executed more than two months after Plaintiff was deposed and addresses several issues covered in her deposition. In general, the affidavit seeks to bolster—and, in some instances, change—Plaintiff's deposition testimony. Defendant has moved to strike certain parts of Plaintiff's affidavit based on this and other grounds. See DE 58. As discussed herein, the challenged paragraphs that are relevant to the Court's analysis do not contain admissible evidence, and therefore the Court will not consider them. See Fed. R. Civ. P. 56(c)(4). The Court finds it unnecessary, however, to strike these portions of Plaintiff's affidavit and, accordingly, denies Defendant's Motion to Strike [DE 58] as moot.

Defendant Riimic, LLC, ("Riimic") is a privately held business that provides product engineering and manufacturing, systems engineering, and integrated logistics support services to its customers.  See DE 45 at 1, ¶ 1.  On September 1, 2010, Riimic hired Plaintiff Harriet Farnham as an Executive Assistant/Office Manager to Riimic's CEO.  See id. at 1, ¶ 2.  Within two weeks thereafter, Riimic transferred Farnham to its Human Resources/Administration department to become the Human Resources/Office Manager ("HR Manager").  See id. at 3, ¶ 9.  Riimic's senior management wanted Farnham to manage the Human Resources ("HR") department because she had experience in that area and because the current HR manager was needed elsewhere.  See id. at 3, ¶ 10.  Throughout her employment with Riimic, Farnham was paid a salary of $45,000.00 per year.  See id. at 3, ¶ 9.

As HR Manager, Farnham's duties included approving office-related expenses; managing HR procedures, such as leave balances, employee benefits, on-boarding of new employees, and exit interviews; drafting company policies; recruiting new employees; overseeing payroll; managing new construction sites and negotiating with certain vendors; and researching OSHA regulations and employee classifications under the Fair Labor Standards Act to ensure Riimic's compliance with those laws.  See DE 45 at 3, ¶ 12; id. at 3-4, ¶¶ 14-16, 18.  Among other specific tasks she performed, Farnham revised Riimic's employee handbook, implemented a new policy for excusing employee absences, and drafted a hurricane plan/policy.  See id. at 3, ¶ 13.  She also created documents for personnel matters, such as relocation agreements and interview summary sheets.  See id.  More, Farnham served as the first point of contact for all HR issues raised by employees and management, met with employees to resolve internal conflicts, and advised managers regarding employee discipline.  See id. at 4, ¶¶ 19, 21.

In December 2010, Riimic decided to eliminate Farnham's position and to change the HR management role to focus on recruiting, another manager's area of expertise.  See DE 45 at 2, ¶ 4; id. at 8, ¶ 31.  On December 29, 2010, Riimic terminated Farnham's employment due to this change and because of problems with her performance.  See id.

B.     **Procedural History**

On January 27, 2012, Farnham brought this action against Riimic.  See DE 1.  In her current Second Amended Complaint, Farnham asserts three claims against the company.  In Count I, Farnham alleges that Riimic failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA").  See 29 U.S.C. § 207 (setting forth overtime compensation requirements for non-exempt employees).  In Count II, Farnham claims that Riimic violated the Florida Whistleblower Act ("FWA") by terminating her employment because she objected to certain unlawful acts by the company.  See Fla. Stat. § 448.102(3) ("An employer may not take any retaliatory personnel action against an employee because the employee has . . . [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.").[2]  In Count III, Farnham contends that Riimic discharged her in retaliation for her complaints about unpaid overtime wages.  See 29 U.S.C. § 215(a)(3) (making it unlawful to discharge an employee because he has "filed any complaint . . . under or related to [the FLSA]").

---

[2]  Regarding the FWA claim, the Court previously stuck certain allegations in the Second Amended Complaint concerning Riimic's violations of the Health Insurance Portability and Accountability Act, based on the Court's conclusion that Riimic is not subject to that statute.  See DE 43 at 4-5.  The Court, however, declined to strike Farnham's other FWA allegations, which pertain to misclassifying employees under the FLSA and falsifying information provided to Riimic's health insurer.  See id.

On May 24, 2012, Riimic filed an Answer to the Second Amended Complaint, denying liability and asserting several affirmative defenses.  See DE 32.  Riimic subsequently filed its present Motion for Summary Judgment.  See DE 44.  Riimic's Motion advances several arguments, including that Farnham was an FLSA-exempt employee not entitled to overtime wages and that she was discharged for legitimate, non-retaliatory reasons.  See id.  Farnham opposes the Motion, claiming that genuine disputes of material fact exist concerning the issues raised by Riimic.  See DE 54.

## II.     Discussion

### A.     Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must point out to the Court that "there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and

4

supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).  Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker, 911 F.2d at 1577.  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.  In making this determination, the Court must discern which issues are material:  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, in deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### B.   Analysis of Plaintiff's Claims

As noted above, Riimic presents several arguments in support of summary judgment.  Because the Court finds two of Riimic's arguments dispositive, the Court limits its discussion to those issues and does not address Riimic's other points.[3]

### 1.   FLSA Overtime Claim

Regarding Farnham's FLSA claim for unpaid overtime wages, Riimic contends that Farnham was exempt from the overtime requirements of the FLSA because she was an administrative employee.  See 29 U.S.C. § 213(a)(1) (providing an exemption for "any employee employed in a bona fide executive, administrative, or professional capacity").  Under Department of Labor regulations, the administrative exemption includes any employee

(1)   Compensated on a salary or fee basis at a rate of not less than $455 per week . . . ;

(2)   Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

(3)   Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a).  The Court will discuss each of these requirements in turn.

### a.   Compensation

While employed by Riimic, Farnham was paid a salary of $45,000.00 per year, or about $865.38 per week.  This amount easily exceeds the $455 weekly compensation

---

[3] In particular, because the Court finds that Riimic is entitled to summary judgment on other grounds, the Court need not address Riimic's contention that Farnham is judicially estopped from bringing at least some of her claims in this action because she failed to disclose those claims in a prior bankruptcy case in which she discharged substantial personal debts.

6

requirement for the administrative exemption.  See 29 C.F.R. § 541.200(a).  Indeed, Farnham does not dispute that she meets this requirement.  The Court therefore finds that the first element of the administrative exemption is satisfied here.

### b. Performance of Management or Operational Work

"To qualify for the administrative exemption, an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers."  29 C.F.R. § 541.201(a); see id. § 541.200(a)(2).  In order to meet this requirement, "an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment."  Id. § 541.201(a).  Qualifying work includes, but is not limited to, "work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities."  Id. § 541.201(b).

Here, the record demonstrates that Farnham's primary work duties were "directly related to the management or general business operations of [her] employer." 29 C.F.R. § 541.201(a).  Farnham managed Riimic's human-resources department, and her specific responsibilities included several other functions listed in § 541.201(b): personnel management, employee relations and benefits, research, safety and health, insurance, purchasing and procurement, financial matters, and legal and regulatory

7

compliance.  See supra Part I.A.  These facts show conclusively that Farnham meets the second requirement for the administrative exemption.  See Viola v. Comprehensive Health Mgmt., Inc., 441 F. App'x 660, 662-63 (11th Cir. 2011) (per curiam) (holding that an employee who arguably performed four of the functions listed in § 541.201(b) was covered by the administrative exemption as a matter of law).

### c. Exercise of Discretion and Independent Judgment

Last, for an employee to qualify for the administrative exemption, her "primary duty must include the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.202(a); see id. § 541.200(a)(3).  Generally, "the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."  Id. § 541.202(a).  Specific factors to be considered include

> whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

Id. § 541.202(b).

In this case, the record shows that Farnham regularly exercised discretion and independent judgment on significant matters.  See supra Part I.A.  Again, Farnham was responsible for the operations of Riimic's HR department.  As HR Manager, she created, implemented, and interpreted policies and procedures governing Riimic's employees.  Farnham also served as the main advisor to management on issues affecting employees, and she helped resolve employee conflicts.  In addition, Farnham conducted research to ensure Riimic's compliance with labor and employment laws, and she managed new construction sites, including negotiating with certain vendors.  Based on the factors identified in § 541.202(b), and considering the nature of the tasks performed by Farnham, it is clear that her primary duties "involve[d] the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered."  29 C.F.R. § 541.202(a); see id. § 541.203(e) (explaining that "[h]uman resources managers who formulate, interpret or implement employment policies . . . generally meet the duties requirements for the administrative exemption").

Farnham argues that she did not exercise discretion and independent judgment because her supervisors had to approve any decisions or recommendations she made.  The Court finds this argument unavailing.  While an administrative employee must exercise independent decision-making, the fact that her superiors must review and approve the employee's decisions before they are final "does not disqualify [the] employee from the administrative exemption."  Viola, 441 F. App'x at 664.  As the FLSA regulations explain,

> The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision.  However, employees can exercise

9

>discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level.  Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review.  The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action.  The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

29 C.F.R. § 541.202(c).

For these reasons, the Court concludes that no triable issue of fact exists on the third element of the administrative exemption.  Because Farnham meets all three requirements for the exemption as a matter of law, she is not subject to the FLSA's overtime-wage requirements.  Riimic is therefore entitled to summary judgment on Farnham's FLSA overtime claim.

### 2.     FWA and FLSA Retaliation Claims

Farnham also pleads retaliation claims under the FWA and FLSA, alleging that Riimic terminated her employment because she (1) objected to certain unlawful acts by the company and (2) complained about unpaid overtime wages.  See supra Part I.B. In evaluating Farnham's FWA claim, the Court applies the burden-shifting analysis used in Title VII retaliation cases:

>Once plaintiff establishes a prima facie case by proving only that the protected activity and the negative employment action are not completely unrelated, the burden shifts to the defendant to proffer a legitimate reason for the adverse action.  The burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the "legitimate" reason is merely pretext for prohibited, retaliatory conduct.

Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000) (citations omitted).  Similarly, to establish a prima facie retaliation case under the FLSA, an

employee must show that she engaged in statutorily protected activity, that she then suffered an adverse employment action, and that a causal connection existed between the protected activity and the adverse action. See Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000). If the employer offers a legitimate reason for the adverse action, the employee must show that the given reason is a pretext for illegal retaliation. See id. at 1243.

In its Motion, Riimic contends that Farnham cannot establish a prima facie case of retaliation under the FWA or FLSA because she did not engage in conduct protected by either statute. Farnham maintains that she objected to Riimic's failure to pay overtime wages and other unlawful conduct and that those objections qualify as statutorily protected activities. The Court, however, need not decide whether Farnham has established a prima facie case of retaliation because even if Farnham has done so, she has failed to show that Riimic's reasons for discharging her were pretextual.

Riimic has presented evidence that Farnham was terminated because (1) Riimic decided to eliminate her position and change the HR management role to focus on recruiting, another manager's area of expertise; and (2) Farnham's work performance was poor. Farnham, though, has offered no admissible evidence to show that these were not the true reasons for her discharge. In her post-deposition affidavit, Farnham claims that several days before she was fired, an unnamed woman riding in an elevator with Farnham told her, unsolicited, that the woman had just interviewed to become Riimic's new HR Manager. See DE 54-1 at 2, ¶ 6. But as Riimic points out, this statement is inadmissible hearsay and may not be considered in the summary-

judgment analysis.  See Fed. R. Evid. 801, 802; Fed. R. Civ. P. 56(c)(4).[4]  Moreover, Farnham makes no effort to address Riimic's evidence that she was discharged for poor performance.[5]  Because Farnham has not shown that Riimic's reasons for discharging her were a pretext for retaliation, Farnham's FWA and FLSA retaliation claims fail.  The Court therefore grants summary judgment to Riimic on these claims.

### III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Riimic, LLC's Motion for Summary Judgment [DE 44] is **GRANTED**;

2. Defendant's Motion to Strike Portions of Plaintiff's Affidavit Filed in Response to Defendant's Motion for Summary Judgment [DE 58] is **DENIED as moot**;

3. The calendar call scheduled for October 25, 2012, is **CANCELLED**, and the case is removed from the Court's October 29, 2012, trial calendar; and

4. The Court will enter a separate Final Judgment in this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of October, 2012.

JAMES I. COHN
United States District Judge

Copies to:

Counsel of record via CM/ECF

---

[4] The Court rejects Farnham's argument that the statement would be admissible under the present-sense-impression or excited-utterance exceptions to the rule against hearsay.  See Fed. R. Evid. 803(1), (2).

[5] Farnham states in her post-deposition affidavit that she is "certain that [her] employment was terminated because of [her] objection to illegal activities being conducted by Defendant."  DE 54-1 at 3, ¶ 7.  The Court agrees with Riimic, however, that this statement is "merely a conclusory allegation unsupported by any facts and has no probative value."  DE 58 at 4.